Patricia Ridenour Ingalls City Attorney P.O. Box 1028 Cimarron, Kansas 67835
Dear Ms. Ridenour:
You request our opinion concerning the initiative and referendum statute found at K.S.A. 12-3013. The proposed ordinance in question provides that if the city council decides to sell city-owned real property it must sell it to the highest bidder in accordance with a bid procedure set forth in the proposed ordinance. The initiative and referendum statute does not apply to "administrative" ordinances so our task is to determine whether this proposed ordinance is administrative.
The Kansas Supreme Court's most recent pronouncement on the legislative-administrative dichotomy is found at City of Wichitav. Kansas Taxpayers Network, Inc., 255 Kan. 534, 539 (1994). These guidelines are summarized below:
 "1. An ordinance that makes new law is legislative; while an ordinance that executes an existing law is administrative. Permanency and generality are key features of the legislative ordinance.
 "2. Acts that declare public purpose and provide ways and means to accomplish that purpose generally may be classified as legislative. Acts that deal with a small segment of an overall policy question generally are administrative.
 "3. Decisions that require specialized training and experience in municipal government and intimate knowledge of the fiscal and other affairs of the city in order to make a rational choice may properly be characterized as administrative, even though they may be also said to involve the establishment of a policy.
 "4. No one act of a governing body is likely to be solely administrative or legislative, and the operation of the initiative and referendum statute is restricted to measures which are quite clearly and fully legislative and not principally executive or administrative."
In Rauh v. City of Hutchinson, 223 Kan. 514 (1978) the Supreme Court concluded that if the subject of the proposed ordinance is one of statewide concern in which the legislature has delegated decision making power, not to the local electors, but to the local governing body as the state's delegated agent for local implementation of state policy, the action is administrative and outside the scope of the initiative and referendum statute.
The legislature has delegated to cities the power to dispose of city property in a manner conducive to the city's interests. K.S.A. 12-101; City of Argentine v. State, 46 Kan. 430, 435
(1891). K.S.A. 12-1739 allows cities to sell public buildings "upon such terms and in such manner as the governing body may deem to be in the best interests of the city." [Also see: K.S.A.12-1656 (sale of surplus real estate); K.S.A. 12-1773 (sale of property acquired by a city pursuant to a redevelopment plan); K.S.A. 12-1301 (sale of land for park purposes); K.S.A. 12-17,104
(sale of property upon dissolution of municipal improvement district).]
Past Attorney General Opinions have concluded that an ordinance is administrative if it involves the execution of a law that gives the governing body the power to do certain activities. Attorney General Opinions No. 82-98, 84-95, 92-136.
This proposed ordinance seeks to execute existing laws dealing with the sale of city-owned real property which the legislature has determined should be addressed by the city governing body and not the electorate. Furthermore, it deals with a small segment of an overall policy involving the disposition of city property which requires knowledge of the fiscal and other affairs of the city. For these reasons, it is our opinion that a proposed ordinance is administrative and not subject to K.S.A. 12-3013 when it requires the city council to sell city-owned real property to the highest bidder.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm